UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LINDA EVANS<br><br>Plaintiff<br><br>vs.<br><br><br><br>HASTER LAW OFFICE, P.A.<br><br><br>Defendant | Case Number<br><br>CIVIL COMPLAINT<br><br><br><br><br>JURY TRIAL DEMANDED |

## COMPLAINT AND JURY DEMAND

**COMES NOW**, Plaintiff, Linda Evans, by and through her undersigned counsel, Bruce K. Warren, Esquire and Brent F. Vullings, Esquire of Warren & Vullings, LLP, complaining of Defendant and respectfully avers as follows:

### I. INTRODUCTORY STATEMENT

1. Plaintiff, Linda Evans, is an adult natural person and she brings this action for actual and statutory damages and other relief against Defendant for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

### II. JURISDICTION

2. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1337.

3. Venue in this District is proper in that Defendant maintains a location in the District.

### III. PARTIES

4. Plaintiff, Linda Evans, is an adult natural person residing at 104 Angel Oaks Court, Ladson, South Carolina 29456. At all times material and relevant hereto, Plaintiff is a "consumer" as defined by the FDCPA, 15 U.S.C. § 1692a (2).

5. Defendant, Haster Law Office, P.A. ("Defendant"), at all times relevant hereto, is and was a professional association engaged in the business of collecting debt within the States of South Carolina and Minnesota with its principal place of business located at 6640 Shady Oak Road, Eden Prairie, MN 55344 and a local address of Department 53877, P.O. Box 1259, Oaks, PA 19456.

6. Defendant is engaged in the collection of debts from consumers using the telephone and mail. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6).

### IV. FACTUAL ALLEGATIONS

7. On or about January 21, 2011, Plaintiff retained the services of personal legal counsel to help aid her in her debt settlement negotiations following a divorce.

8. On or about that same day, Plaintiff's attorney faxed a cease and desist letter to the Defendant to request that any and all future contact go through their office directly. **See "EXHIBIT A" (letter) attached hereto.**

9. On or about February 24, 2011, Defendant's agent, "Kevin", attempted to contact the Plaintiff at her place of employment where she is an assistant school principal.

10. Defendant's agent, "Kevin", spoke with the Plaintiff's secretary who informed Defendant's agent that the Plaintiff was in a meeting and could not be disturbed.

11. Defendant's agent, "Kevin", went on to ask Plaintiff's secretary to verify the Plaintiff's employment.

12. Plaintiff's secretary told Defendant's agent, "Kevin", that she could not divulge such information and that the Defendant would need to call the School District.

13. Defendant's agent, "Kevin", did not want to take "no" for an answer and continued to badger the Plaintiff's secretary for the information.

14. After several minutes, Plaintiff's secretary hung-up on the Defendant.

15. On that same day, approximately one hour later, Defendant's agent, "Kevin", called the Plaintiff at her place of employment a second time.

16. Plaintiff's secretary put the call through to the Plaintiff.

17. Defendant's agent, "Kevin", informed the Plaintiff that he was calling in regards to a debt, however refused to tell Plaintiff who Defendant was collecting for.

18. Plaintiff told Defendant's agent, "Kevin", that she could not speak to him in work and that she would return Defendant's call on her way home.

19. Plaintiff also informed the Defendant that she had retained personal legal counsel and that a cease and desist letter had been already sent.

20. Plaintiff asked Defendant's agent, "Kevin", to please call and speak with her attorney directly in this matter.

21. Defendant's agent, "Kevin", became increasingly rude and refused to work with the Plaintiff's attorney.

22. Plaintiff again told the Defendant not to call her in work.

23. Plaintiff ended the call.

24. Immediately, Defendant's agent, "Kevin", called the Plaintiff on her personal cell phone.

25. Plaintiff again asked Defendant's agent, "Kevin", to call her attorney.

26. Defendant's agent, "Kevin", refused and threatened to garnish the Plaintiff's wages if the Plaintiff did not make a payment.

27. Plaintiff was then informed that Defendant was collecting for an alleged debt owed on a Chase account.

28. Plaintiff was told that her starting balance was for approximately $4,300.00, but that the Defendant was going to get over $6,000.00 from the Plaintiff.

29. Defendant did not explain the increase in the debt amount.

30. Plaintiff ended the call.

31. On or about February 28, 2011, Plaintiff received another call to her place of employment from Defendant's agent, "Kevin".

32. Defendant's agent, "Kevin", immediately started to yell at the Plaintiff telling Plaintiff that she needed to take care of this debt now.

33. Defendant's agent, "Kevin", went on to tell the Plaintiff that she needed to be responsible and that the Defendant knew Plaintiff had a respectful job so Plaintiff had no choice but to pay her debt.

34. Plaintiff again asked Defendant's agent, "Kevin", to call her attorney.

35. Defendant' agent, "Kevin", responded that he was not going to call the Plaintiff's attorney because they were not real attorneys and that they only existed in the "cyber world".

36. Plaintiff again told Defendant's agent that he was not to call her in work.

37. On this same call, Defendant's agent threatened the Plaintiff that if Defendant had to call the School District on the Plaintiff that it would surely tarnish her reputation.

38. Plaintiff ended the call.

39. Defendant continued to call the Plaintiff at work and on her personal cell phone.

40. Defendant's agent, "Kevin", told the Plaintiff that Defendant would not accept less than $6,000.00 to settle this account.

41. Plaintiff continued to ask the Defendant to call and speak with her attorney.

42. Defendant's agent, "Kevin", erroneously informed the Plaintiff that her attorney was not even licensed in her home state of South Carolina.

43. Plaintiff informed Defendant's agent, "Kevin", that she would be calling the Federal Trade Commission, (FTC) because of his constant harassing calls.

44. Defendant's agent, "Kevin", replied that it didn't matter to him at all because the Defendant was still going to get their money.

45. In the early part of March, 2011, Defendant's agent, "Kevin", called the Plaintiff cell phone and spoke with Plaintiff's young daughter.

46. Defendant's agent, "Kevin", told Plaintiff's daughter that the Plaintiff needed to call him back immediately.

47. Plaintiff did not call back.

48. Defendant continued to call the Plaintiff.

49. On or about March 24, 2011, Plaintiff received a voice mail message from Defendant's agent, "Kevin", stating that it was imperative that Plaintiff call the Defendant back and that the Defendant was tired of waiting for Plaintiff's payment.

50. Plaintiff's attorney states that they also began receiving calls at this time from Defendant's agent, but that on every call the agent of the Defendant would ask for a different settlement amount for this account.

51. None of the proposed settlements that were offered by Plaintiff's attorney to Defendant has ever been approved.

52. On or about March 29, 2011, Plaintiff received another call from Defendant's agent demanding payment on this account.

53. On or about March 31, 2011, Plaintiff received a notice form the Defendant offering a settlement of $5,557.60 that would have to be paid in full on or before May 5, 2011. **See "EXHIBIT B" (notice) attached hereto.**

54. On or about May 1, 2011, Plaintiff received yet another call from Defendant's agent, "Kevin", demanding payment.

55. On or about May 5, 2011, Plaintiff received call from Defendant to find out if she was going to be paying the settlement in full that day.

56. As of the filing of this complaint, Defendant has contacted Plaintiff so many times to the extent that it is reasonable to believe that the primary purpose of Defendant's communication was to harass the Plaintiff.

57. As a direct consequence of the Defendants acts, practices and conduct, the Plaintiff suffered and continues to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment.

58. The Plaintiff has suffered and continues to suffer actual damages as a result of the Defendant's unlawful conduct.

59. The Defendant's conduct was so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.

60. The Defendant acted in a false, deceptive, misleading and unfair when they engaged in conduct the natural consequence of which is to harass, oppress or abuse such person in connection with the collection of a debt.

61. The Defendant knew or should have known that their actions violated the FDCPA. Additionally, Defendant could have taken the steps necessary to bring their and their agent's actions within compliance of the FDCPA, but neglected to do so and failed to adequately review those actions to insure compliance with the law.

62. At all times pertinent hereto, Defendant was acting by and through it agents, servants and/or employees, who were acting with the scope and course of their employment and under the direct supervision and control of Defendant herein.

63. At all times pertinent hereto, the conduct of Defendant as well as its agents, servants and/or employees, was malicious, intentional, willful, reckless, negligent and in wanton disregard for federal and state law and the rights of the Plaintiff herein.

64. As a result of Defendant's conduct, Plaintiff has sustained actual damages, including, but not limited to, injury to Plaintiff's reputation, invasion of privacy, damage to Plaintiff's credit, out-of-pocket expenses, physical, emotional and mental pain and anguish and pecuniary loss and she will continue to suffer same for an indefinite time in the future, all to her great detriment and loss.

## COUNT I – FDCPA

65. The above paragraphs are hereby incorporated herein by reference.

66. At all times relevant hereto, Defendants were attempting to collect an alleged debt which was incurred by Plaintiff for personal, family or household purposes and is a "debt" as defined by 15 U.S.C. § 1692a(5).

67. The foregoing acts and omissions constitute violations of the FDCPA, including but not limited to, violations of:

| | |
|---|---|
| §§ 1692c(a)(1) | At any unusual time, or unusual place or unusual time and place known to be inconvenient to the consumer |
| §§ 1692c(a)(2) | After it knows the consumer to be represented by an attorney unless attorney consents or is unresponsive |
| §§ 1692c(a)(3) | At place of employment when knows that the employer prohibits such communication |

| | |
|---|---|
| §§ 1692c(c) | After written notification that consumer refuses to pay debt, or that consumer wants collector to cease communication |
| §§ 1692d | Any conduct the natural consequence of which is to harass, oppress or abuse any person |
| §§ 1692d(5) | Caused the phone to ring or engaged any person in telephone conversations repeatedly |
| §§ 1692e | Any other false, deceptive, or misleading representation or means in connection with the debt collection |
| §§ 1692e(4) | Nonpayment of a debt will result in garnishment |
| §§ 1692e(5) | Threaten to take steps that cannot be legally taken or that are not intended to be taken |
| §§ 1692e(10) | Any false representation or deceptive means to collect a debt or obtain information on a consumer |
| §§ 1692f | Any unfair or unconscionable means to collect or attempt to collect the alleged debt |
| §§ 1692f(1) | Collect any amount not authorized by the agreement that created the debt |
| §§ 1692f(5) | Caused charges to be made (e.g. cell phone calls, collect calls) |
| §§ 1692g(a)(2) | Must state the name of the creditor for whom the debt is owed |

**WHEREFORE**, Plaintiff respectfully prays that judgment be entered against the Defendants, Haster Law Office, P.A., for the following:

a. Actual damages;

b. Statutory damages pursuant to 15 U.S.C. § 1692k;

c. Reasonable attorney's fees and litigation expenses, plus costs of suit; and

d. Such additional and further relief as may be appropriate or that the interests of justice require.

## COUNT II

### Violations of the South Carolina Fair Debt Collection Practices Act
### Section 37 et.seq. Unconscionability; Inducement by Unconscionable Conduct

68. Plaintiff hereby adopts, re-allege and incorporate by reference all allegations set forth above as fully rewritten here.

69. In its attempt to collect the aforementioned alleged debt, Defendant violated the above act in one or more of the following ways:

> (b) Communicating with the consumer or a member of his family at frequent intervals during a twenty-four hour period or at unusual hours or under other circumstances so that it is a reasonable inference that the primary purpose of the communication was to harass the consumer. The term 'communication' means the conveying of information regarding a debt directly or indirectly to any person through any medium.
>
> A creditor or debt collector may not:

    (i)    communicate with a consumer at any unusual time or place known or which should be known to be inconvenient to the consumer. In the absence of knowledge of circumstances to the contrary, it may be assumed that a convenient time to communicate with a consumer is between 8 a.m. and 9 p.m.; or

    (ii)    communicate with a consumer who is represented by an attorney when such fact is known to the creditor or debt collector unless the attorney consents to direct communication or fails to respond within ten days to a communication;

    (iii)    contact a consumer at his place of employment after the consumer or his employer has requested in writing that no contacts be made at such place of employment or except as may be otherwise permitted by statute or to verify the consumer's employment;

    (vii)    cause a telephone to ring repeatedly during a twenty-four hour period or engage any person in a telephone conversation with intent to annoy, abuse, or harass any person at the called number;

    (xii)    cause charges to be incurred by any person for communications to the consumer by concealment of the true purpose of the communication, such charges include, but are not limited to, collect telephone calls and telegram fees.

    (c)    Using fraudulent, deceptive, or misleading representations in connection with the collection of a consumer credit transaction. Such false representations shall include:

    (i)  the character, amount, or legal status of any debt;

    (iv)  any claim or implication that nonpayment of any debt will result in arrest, imprisonment, garnishment, seizure, or attachment unless the remedy is legally permitted to the creditor and the claim or implication is not used for the purpose of harassment or abuse of process;

**WHEREFORE**, Plaintiff respectfully prays that judgment be entered against the Defendant, Haster Law Office, P.A., for the following:

  a.  Actual damages;

  b.  Statutory damages pursuant to SCFDCPA §37-5-108

  c.  Reasonable attorney's fees and litigation expenses, plus costs of suit; and

  d.  Such additional and further relief as may be appropriate or that the interests of justice require.

## V. JURY DEMAND

Plaintiffs hereby demand a jury trial as to all issues herein.

Respectfully submitted,

**Warren & Vullings, LLP**

Date: April 28, 2011          BY:  **/s/ Bruce K. Warren BKW4066**
Bruce K. Warren, Esquire


BY: **/s/ Brent F. Vullings BFV8435**
Brent F. Vullings, Esquire

Warren & Vullings, LLP
93 Old York Road
Suite 333
Jenkintown, PA  19046
215-745-9800
Fax 215-745-7880
Attorney for Plaintiff

# EXHIBIT "A"

PO Box 729
Columbia, MD 21045

**PERSELS & ASSOCIATES, LLC**
**PERSELS & ASSOCIATES, LLP (CA, MI)**
**PERSELS & ASSOCIATES, PLLC (NC)**
A National Law Firm Dedicated to Consumer Rights

Neil J. Ruther, licensed in MD
Leza Griffith, licensed in MD, DC
William Grafton, licensed in MS, TX
Lisa L. Perrillo, licensed in NY, NC
Jimmy B. Persels, Of Counsel, licensed in MD, IL
Jane Srivastava, licensed in SC

Phone: 1-800-498-6761
Fax: 1-410-910-6923

# FAX COVER SHEET

**ATTN:** Kevin               **FROM:** Persels & Associates, LLC

**FAX #:** (952) 259-2037      **DATE:** January 21, 2011

**RE:** ref: RIVER313654

**NOTES:**

# CONFIDENTIAL

Rev: 800E-008-100606

PO Box 729
Columbia, MD 21045

**PERSELS & ASSOCIATES, LLC**
**PERSELS & ASSOCIATES, LLP (CA, MI)**
**PERSELS & ASSOCIATES, PLLC (NC)**
A National Law Firm Dedicated to Consumer Rights

Neil J. Ruther, licensed in MD
Leza Griffith, licensed in MD, DC
William Grafton, licensed in MS, TX
Lisa L. Perrillo, licensed in NY, NC
Jimmy B. Persels, Of Counsel, licensed in MD, IL
Jane Srivastava, licensed in SC

Phone: 1-800-498-6761
Fax: 1-410-910-5923

HASTER LAW OFFICE PA
6640 SHADY OAK RD
STE 340
EDEN PRAIRIE, MN 55344

January 21, 2011

**Creditor Account Number:** 4185868005626261

**Client Name:** Linda Evans
**Client SSN:** ###-##-1325

To Whom It May Concern:

Our law firm has been retained by Linda Evans. Persels & Associates has a limited power of attorney to represent this client in debt settlement negotiations. Please update your records to the firm as your contact for settlement of our client's debts. Cease all further direct contact with our client pursuant to The Fair Debt Collections Practices Act.

This scope of our representation does not include entry of appearance on behalf of the client in any related litigation. <u>We do not accept service on behalf of our client in any proceeding. All court papers and notices must be served directly on the party.</u>

You can reach Persels & Associates at 1-866-939-PALAW. We will contact you in the future to discuss possible settlement options. We look forward to working with you and appreciate your assistance in resolving this matter so that we can expedite a solution that is best for everyone.

Sincerely,

Jane Srivastava

Persels & Associates

*Neil J Ruther*

Neil J. Ruther
1-800-498-6761

Rev: 823E-008-091220

EXHIBIT "B"

Dept 53877
PO Box 1259
Oaks, PA 19456

**HASTER LAW OFFICE, P.A.**
**6640 SHADY OAK RD STE 340**
**EDEN PRAIRIE MN 55344-7720**

Lisa A Haster*
*Licensed in Practice in Minnesota

03/31/11

| | |
|---|---|
| Telephone: | 952-215-3690 |
| Toll Free: | 800-606-6841 |
| Fax: | 952-224-2212 |

LINDA TIMS
104 ANGEL OAKS CT
LADSON SC 29456-7800

56121 - 4294

| | |
|---|---|
| Name of Creditor: | Riverwalk Holdings LTD |
| Account: | 4185868005626261 |
| Balance Due: | $6947.00 |
| Original Creditor: | Chase Bank - WaMu |

## SETTLEMENT OFFER

Dear LINDA TIMS

We are authorized to settle the above referenced account balance in full for payment of 80% of the balance due. The offer represents a significant savings to you. We have previously notified you that your above referenced delinquent account has been referred to this firm for collection.

The total settlement amount is $5,557.60. We are currently able to offer this settlement amount if payment is received by this office on or before 05/05/11. We may revoke this offer if payment in good funds is not received by that date. Your account is not settled in full until your settlement payment has cleared.

Please send your payment to the **HASTER LAW OFFICE, P.A., 6640 SHADY OAK RD STE 340, EDEN PRAIRIE MN 55344-7720**. Make your payment payable to HASTER LAW OFFICE, P.A. trust account. Please refer to account number RIVER313654 with your payment.

If you are experiencing financial difficulty and are unable to pay the settlement amount, we still may be able to help you. Call us at 800-606-6841 or 952-215-3690 to speak with an account representative to set up repayment terms for this debt or if you have questions about this settlement offer.

Taking advantage of this opportunity to settle your debt in full may help your financial situation and will remove the need for continued collection activity.

Sincerely,

*[signature]*

**HASTER LAW OFFICE, P.A.**

This communication is from a debt collector and is an attempt to collect a debt. Any information obtained will be used for that purpose.

---

| | |
|---|---|
| Name of Creditor: | Riverwalk Holdings LTD |
| Account: | 4185868005626261 |
| Balance Due: | $6947.00 |
| Original Creditor: | Chase Bank - WaMu |

**IF PAYING BY VISA, MASTERCARD OR DISCOVER, FILL OUT BELOW**

| ☐ VISA | ☐ MASTERCARD | ☐ DISCOVER |
|---|---|---|
| CARD NUMBER | EXP. DATE | AMOUNT |
| SIGNATURE | MUST INCLUDE 3 DIGIT SECURITY CODE FROM BACK OF CARD | |

LINDA TIMS
104 ANGEL OAKS CT
LADSON SC 29456-7800

HASTER LAW OFFICE, P.A.
6640 SHADY OAK RD STE 340
EDEN PRAIRIE MN 55344-7720